UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARCELLA ELIZABETH MARTINEZ,

Plaintiff,

v.

CINDY BLACK, et al.,

Defendants.

Case No. 23-cv-04247-SI

**ORDER RE: DISCOVERY DISPUTE**

Re: Dkt. No. 105

The parties have filed a discovery dispute regarding defendants' objections that certain discovery requests seek information that would violate Patient B's or another third-party patient's privacy rights under the California Constitution and under the Health Insurance Portability and Accountability Act (HIPAA).[1]  Dkt. No. 105.  This is the first discovery dispute in this case.  The Court recently approved an extension of the fact discovery cut-off to September 11, 2026.  Dkt. No. 107.  Trial is set for December 7, 2026.

The Court has reviewed plaintiff's discovery requests and finds that they seek relevant information within the scope of Federal Rule of Civil Procedure 26(b)(1), and that defendants' privacy objections are appropriately overruled.  The Court thus **ORDERs defendants to provide substantive responses to the disputed discovery, subject to the limitations stated below.**

More specifically, the Court OVERRULES defendants' objections grounded in Patient B's right to privacy under the California Constitution, Article I, § 1, and HIPAA.  As an initial matter, in this case involving federal question claims and pendent state law claims, "the federal law of privilege applies."  *See Agster v. Maricopa Cnty.*, 422 F.3d 836, 839-40 (9th Cir. 2005) (citing Fed.

_____

[1] Patient B is the alleged perpetrator of the assault upon plaintiff that is the subject of this suit.  Patient B is not a party to this lawsuit.

United States District Court
Northern District of California

R. Evid. 501 advisory committee note; *Wm. T. Thompson Co. v. Gen. Nutrition Corp.,* 671 F.2d 100, 104 (3d Cir. 1982)); *see also Chatman v. Felker*, No. CIV S-03-2415 JAM KJM P, 2009 WL 173515, at *9 (E.D. Cal. Jan. 23, 2009) ("Despite defendant's repeated assertions to the contrary, the law of California, the forum state, does not inform federal privilege law.") (quoting *Jackson v. Cnty. of Sacramento*, 145 F.R.D. 683, 688 (E.D. Cal. 1993)). "The Ninth Circuit recognizes a constitutionally protected privacy interest in avoiding disclosure of private personal matters, including medical records." *Dean v. Zhang*, No. 24-CV-00413-RSH-JLB, 2025 WL 2374311, at *6 (S.D. Cal. Aug. 13, 2025) (citations omitted).

In *Cooper v. County of San Luis Obispo*, 350 F.R.D. 625, 634 (C.D. Cal. 2025), the district court applied "the five-factor test for constitutional privacy of medical information articulated in Seaton v. Mayberg, 610 F.3d 530, 539 (9th Cir. 2010)" when assessing the privacy rights of patients who are third-parties to the litigation. That test balances: "(1) the type of information requested, (2) the potential for harm in any subsequent non-consensual disclosure, (3) the adequacy of safeguards to prevent unauthorized disclosure, (4) the degree of need for access, and (5) whether there is an express statutory mandate, articulated public policy, or other recognizable public interest militating toward access." *Seaton*, 610 F.3d at 539.

Applying those factors here, the Court finds that discovery regarding Patient B may be disclosed with appropriate limitations. With regard to the type of information requested, the Court clarifies that it is not ordering the production of the entirety of Patient B's file. Nor is the Court ordering that defendants turn over psychotherapy notes from Patient B's private counseling sessions, unless those notes document a specific threat against plaintiff. *See id.* at 540 & n.66 ("Even where a patient seeks curative treatment and volunteers information to his own physician, the physician may be required to breach his patient's confidence"); *Jaffee v. Redmond*, 518 U.S. 1, 18 n.19 (1996) ("[W]e do not doubt that there are situations in which the privilege must give way, for example, if a serious threat of harm to the patient or to others can be averted only by means of a disclosure by the therapist."). The second and third *Seaton* factors weigh in favor of disclosure because the potential for harm in any subsequent non-consensual disclosure is mitigated by the protective order in place in this litigation; the protective order provides adequate safeguards to prevent unauthorized

disclosure. *See* Dkt. No. 104; *see also Cooper*, 350 F.R.D. at 634-35 (collecting cases overruling HIPAA objections in light of protective order). With respect to the fourth factor, plaintiff has shown that she has a need for access to materials such as internal complaints filed by other inpatients regarding Patient B. Plaintiff would have no way of accessing these complaints otherwise. Finally, the last factor is neutral: "[w]hile HIPAA does not encourage disclosure of medical information, it does afford litigants a way to allow the information to be produced without violating the regulation." *See Cooper*, 350 F.R.D. at 635 (quoting defendant's brief). As in *Cooper*, this Court finds "the balance of factors weighs in favor of disclosure so long as the records are produced under a confidentiality designation under the terms of the Stipulated Protective Order and [defendants] redact[] any PII." *See id.*

As to third-party complainants, defendants further object that the identity of third-party complainants and records in any complainant's health care file should remain protected. Defendants argue that any relevant documents should be disclosed from Patient B's file only. It is unclear from the papers whether third-party complaints about Patient B's conduct would be maintained in Patient B's file or in the third-party complainant's file. The Court will only order production of relevant documents contained within a third-party complainant's file to the extent the file contains a complaint about Patient B that is not available in Patient B's file. Additionally, in order to guard against any "potential for harm in any subsequent non-consensual disclosure[,]" *see Seaton*, 610 F.3d at 539, the Court will order that the third-party complainant's name be redacted.

Finally, the Court OVERRULES defendants' objection that "because this is not a sexual assault matter, . . . any discovery related to Defendants' precise knowledge of Patient B's genitalia is not proportional to the needs of the case in violation of Fed. Rule Civ. Proc 26(b)(1)." *See* Dkt. No. 105 at 5. The operative complaint alleges that the assault upon plaintiff was preceded by multiple instances in which Patient B made unwanted sexual advances toward plaintiff and further alleges that Patient B committed the assault after plaintiff rejected those advances. *See* Dkt. No. 64 (TAC) ¶¶ 30-32 (plaintiff's complaints of unwanted sexual advances), 37-38 (plaintiff informing Patient B that the advances were unwanted), 47-50 (Patient B's further sexual advances in the shared shower facilities), 57-72 (description of assault). Given that the allegations of unwanted sexual

United States District Court
Northern District of California

3

advances are intertwined with the ultimate physical assault upon plaintiff, the Court disagrees with defendants' assertion that discovery into defendants' knowledge of Patient B's genitalia is not relevant to the case. Nor have defendants forwarded any proportionality argument regarding the burden that responding would impose upon the defendants and, upon the present record, the Court finds none.

## CONCLUSION

Subject to the limitations stated above, the Court **ORDERs defendants to provide substantive responses to the disputed discovery no later than 10 days from the date of this Order, July 20, 2026.**

**IT IS SO ORDERED**.

Dated: July 10, 2026

_____
SUSAN ILLSTON
United States District Judge